■ WILLIAM H. WYNN et al., Respondents, v CALVIN WYNN, Respondent, and THOMAS P. BROCKSOPP, Appellant.—Order insofar as it permits the Motor Vehicle Accident Indemnification Corporation (MVAIC) to appear and file a cross claim on its own behalf unanimously reversed, with costs, and otherwise order affirmed. Memorandum: Plaintiffs instituted this action to recover for personal injuries sustained when a car, owned and operated by their son, defendant Wynn, and in which plaintiffs were passengers, collided with another vehicle, owned and operated by defendant Brocksopp. Service of a summons and complaint was made solely upon the two named individual defendants. An answer was subsequently interposed on behalf of defendant Wynn and the Motor Vehicle Accident Indemnification Corporation "as its interest may appear." The answer set forth a cross claim against defendant Brocksopp and in favor of defendant Wynn and the MVAIC seeking contribution in the event liability is established. CPLR, 1012 (subd [a]) provides that "Upon timely motion, any person shall be permitted to intervene in any action: 1. when a statute of the state confers an absolute right to intervene". Assuming, *arguendo,* that MVAIC possesses a statutory right to intervene in a situation involving an identified uninsured motorist, such intervention must be preceded by the grant of an appropriate motion. Since no such motion was made in this case, MVAIC's attempt to inject itself into this litigation is invalid. Since MVAIC was neither a named party to this action nor did it properly intervene, it could not assert a cross claim in its own behalf (CPLR 3019, subd [b]). It was entitled, however, to defend Calvin Wynn (Insurance Law, § 606, subd [e]). (Appeal from order of Monroe Special Term ordering appearance at examination before trial.) Present— Marsh, P. J., Moule, Cardamone, Mahoney and Witmer, JJ.